```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

RODERICK HENDERSON,              *

     Plaintiff,                  *

vs.                              *     CASE NO. 4:13-CV-528 (CDL)

B&B PRECAST & PIPE, LLC,         *

     Defendant.                  *
```

O R D E R

The very first rule governing the procedure in all civil actions and proceedings makes clear how civil litigation should be conducted: "to secure the just, speedy and inexpensive determination" of the action. Fed. R. Civ. P. 1. Unfortunately, as trial lawyers have evolved into litigators, their focus has become the discovery process itself, which in too many cases transforms the just, speedy, and inexpensive resolution of the action into an unnecessarily complex morass of overly broad discovery requests, frivolous objections, and obligatory (but often largely unpersuasive) pretrial motions. Discovery and pretrial motions practice have become the means and the end. This case provides a regrettable example.

This action arises from a relatively simple motor vehicle collision. There are witnesses who saw the wreck and law enforcement investigators who responded to the scene. And to spice it up a bit (but not out of the ordinary), there is even

an accident reconstruction expert with opinions on how the wreck occurred.  Plaintiff claims that he was hurt in the wreck and that the other driver's negligence caused the wreck, so he sued the employer of the other driver based on the principle of respondeat superior.  While there are genuine fact disputes as to the nature and extent of Plaintiff's injuries, nothing unusual is presented.  In short, this case presents a simple and straightforward dispute:  who is at fault, how bad Plaintiff was hurt, and how much, if any, compensation Plaintiff should receive.  If any case could be decided in a just, speedy, and inexpensive manner, it should be this one.  But a mere glance at the filing docket suggests otherwise.

In addition to extensive discovery, this "simple" litigation has generated a motion for summary judgment, a motion for continuance, a motion to strike an expert, a motion to exclude a portion of an expert's testimony, nineteen motions in limine, an amended motion in limine, and seventy-two deposition designation objections.  The Court has spent considerable time deciding these issues.  Still, twenty-six deposition designation objections (pared down from the original seventy-two by agreement of the parties) remain to be decided prior to trial.  This Order decides those issues. [1]

---

[1] It has been the Court's experience that litigators have become increasingly comfortable with using deposition testimony at trial instead of calling witnesses live, perhaps because it avoids the

Most of the remaining deposition designation objections are meritless—so meritless that they don't deserve further discussion.  But one issue does need additional elaboration.  Counsel for Defendant generally announces during the various depositions that he objects based on "form."  This objection is meaningless standing alone and is contrary to what is contemplated by the Federal Rules of Civil Procedure.  Any objections that a party wishes to make at a deposition must be stated concisely on the record when the deposition is taken. Fed. R. Civ. P. 30(c)(2).   But not all objections have to be made at the time a deposition is taken.  Generally, only an objection that would alert the questioner of a ground for objection that could be corrected during the deposition must be made at the time of the deposition.   Fed. R. Civ. P. 32(d)(3)(B).  Thus, if a question is propounded in an improper form, the objection should be stated concisely on the record

---

uncertainty of what a witness may say from the witness stand.  To the undersigned, these "canned" presentations are boring for the jury and likely ineffective.  This inclination to use depositions at trial also expands the litigation because litigators inevitably assert deposition objections that they would never make in front of a jury during live testimony.  And the Court must rule on these deposition objections prior to trial, which generates dozens of pages of additional briefing and argument. Notwithstanding the Court's admonition that it does not permit deposition testimony as direct evidence unless a showing of unavailability is made or the testimony is otherwise admissible under the Rules, the parties here filed eight pages of deposition designations and 102 pages of briefing regarding the objections. Plaintiff did pare his deposition designations down eventually agreeing not to use the depositions of Officer Dan Franklin, Joey Meeks, and Carl Seldon at trial.  Plaintiff also agreed not to use certain objected-to portions of the following depositions: Dr. John Bucholtz and Dr. Robert Lewis.

3

during the deposition in a manner that provides the questioner with a reasonable opportunity to correct the form of the question. Failure to do so waives the objection. Simply stating "objection to form" does not necessarily preserve the objection. When "objection to form" does not indicate what is wrong with the form so that the questioner can correct the problem, it becomes nothing more than a statement that the objector finds the question "objectionable." Allowing a litigator to file an extensive brief after the fact elaborating in great detail what was wrong with the form of the question when he failed to give the questioner at the deposition any clue as to the deficiencies in the question would be inconsistent with Rule 32 and contrary to resolving an action in a just, speedy, and inexpensive manner.

Having thoroughly reviewed all of Defendant's deposition designation objections, the Court overrules those objections where counsel failed to object when an objection could have given opposing counsel an opportunity to correct the problem and overrules those objections that simply stated "objection to form" but did not elaborate to apprise opposing counsel of the problem with the question so that he could reasonably fix it by rephrasing the question. As to the other objections that have been preserved, the Court finds them meritless, with the

4

following exceptions.  The Court sustains Defendant's objections to the following testimony:

- Dr. Michael Gordon Dep. 12:9-13:12, 32:22-33:5
- Glenn McDonald Dep. 32:15-22, 40:24-41:8
- Dr. Brady Rumph Dep.: 25:6-26:6, 26:9-27:5, 27:18-22, 27:23-28:4.  Plaintiff may still use 28:5-13.
- Dr. Luther Wolff Dep.: 58:13-20

CONCLUSION

The Court is fully cognizant of the perils of issuing legal rulings from a soapbox.  Dicta laden opinions rarely advance the litigation.  But it is sometimes necessary simply to shine a light on a perceived problem even if that exercise does not have immediate legal consequences.  The Court has concluded that the current system has failed to secure the just, speedy, and inexpensive determination of the present action.  And that is regrettable.  By at least saying so, the Court hopes that counsel in this litigation will take notice.

IT IS SO ORDERED, this 14th day of August, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE